# E X H I B I T  "A"

**SPEAR, GREENFIELD & RICHMAN, P.C.**
BY: MARC F. GREENFIELD, ESQUIRE
I.D. #62081
2 PENN CENTER, SUITE 200
1500 JOHN F. KENNEDY BOULEVARD
PHILADELPHIA, PA 19102
(215) 985-2424

**MAJOR JURY**



Filed and Attested by
PROTHONOTARY
22 DEC 2014 11:36 am
E. MASCUILLI

ATTORNEY FOR PLAINTIFF

---

**RITA JACKSON**
5849 Chestnut Street
Philadelphia, PA 19139

:
:
:
:

COURT OF COMMON PLEAS
COUNTY OF PHILADELPHIA
CIVIL TRIAL DIVISION

v.

**GREYHOUND LINES, INC.**
1001 Filbert Street
Philadelphia, PA 19107
&
**RODERICK GIBSON**
c/o GREYHOUND LINES, INC.
1001 Filbert Street
Philadelphia, PA 19107
&

:
:
:
:
:
:
:
:
:
:

NO. 140900579

CONTINUED

## AMENDED COMPLAINT IN PERSONAL INJURY
## 2S PREMISES LIABILITY

| NOTICE | ADVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificatión. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIEN E ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL: |
| IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE<br>PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL and INFORMATION SERVICE<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333<br>TTY: (215) 451-6197 | ASSOCIACION DE LICENDIADOS DE FILADELFIA<br>SERVICIO DE REFENCIA E INFORMACION LEGAL<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>Teléfono: (215) 238-6333<br>TTY: (215) 451-6197 |

Case ID: 140900579

**1001-1005 WEST FILBERT ST., LLC**
c/o Criterion Group, LLC
35-01/11 36th Street
Astoria, NY 11106

## AMENDED COMPLAINT IN PERSONAL INJURY
## 2S PREMISES LIABILITY

| NOTICE | ADVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificatión. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL: |
| IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE | |
| PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL and INFORMATION SERVICE<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333<br>TTY: (215) 451-6197 | ASSOCIACION DE LICENDIADOS DE FILADELFIA<br>SERVICIO DE REFENCIA E INFORMACION LEGAL<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>Teléfono: (215) 238-6333<br>TTY: (215) 451-6197 |

## AMENDED COMPLAINT IN PERSONAL INJURY
## 2S PREMISES LIABILITY

1. Plaintiff, Rita Jackson, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, Greyhound Lines, Inc., is a corporation doing business in the Commonwealth of Pennsylvania with a business address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and or safety of the premises located at or near including the baggage loading/unloading area, located at or near the Greyhound Bus Terminal at 10th and Filbert Street, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania (hereinafter referred to as "premises").

3. At all times material hereto defendant, Greyhound Lines, Inc., was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees who were responsible for the shuttling of people on and around defendant's premises, the loading and unloading of luggage on defendant's premises, the parking of buses on defendant's premises, and for the maintenance, repair, care and control of the premises.

4. Defendant, Roderick Gibson, is a citizen and resident of the Commonwealth of Pennsylvania doing business in the Commonwealth of Pennsylvania with a business address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and or safety of the premises.

5. At all times material hereto defendant, Roderick Gibson, was acting individually,

Case ID: 140900579

jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees who were responsible for the shuttling of people on defendant's premises, the loading and unloading of luggage on defendant's premises, the parking of buses on and around defendant's premises, and for the maintenance, repair, care and control of the premises.

6. Defendant, 1001-1025 West Filbert Street, LLC, is a limited liability corporation doing business in the Commonwealth of Pennsylvania with a business address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and or safety of the premises.

7. At all times material hereto defendant, 1001-1025 West Filbert Street, LLC, was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees who were responsible for the shuttling of people on and around defendant's premises, the loading and unloading of luggage on defendant's premises, the parking of buses on defendant's premises, and for the maintenance, repair, care and control of the premises.

8. On or about September 6, 2013, plaintiff was an invitee, licensee and/or otherwise legally on defendant's premises, when, as a result of the negligence and/or carelessness of the defendants, the plaintiff tripped and fell over a stationary barrier.

9. As a result of this accident, the plaintiff suffered severe and permanent bodily injury as more fully set forth at length below.

## COUNT I
### Rita Jackson v. Greyhound Lines, Inc.
### Personal Injury

10. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

11. The negligence and/or carelessness of defendant consisted of the following:

    a. Failure to design, construct, maintain, and/or repair the premises, floors, hallways, pathways, aisles and/or walkways over which invitees, licensees and/or others are likely to travel rendering the premises unsafe by failing to utilize a system which

    b. Failure to properly monitor, test, or inspect the premises, floors, hallways, pathways, aisles and/or walkways to see if there were dangerous or defective conditions to those legally on the premises when there is luggage and/or people surrounding the barriers used to station the buses;

    c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, floors, hallways, pathways, aisles and/or walkways to such invitees, licensees and/or others legally on the premises when luggage and people are blocking the barriers which are used to station the buses.

    d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises floors, hallways, pathways, aisles and/or walkways where the buses are stationed when luggage and/or people are surrounding the barriers used to station the buses;

- 5 -

  e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances when people and/or luggage is surrounding the stationary barrier in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the stationary barrier being used by defendants;

  f. Failing to exercise the proper care, custody and control over the aforesaid premises when customers, including plaintiff, are walking in the area and have to negotiate around other people and/or luggage;

  g. Failure to inspect, maintain and/or repair known and/or unknown defects including the stationary barriers used to stop buses;

  h Failing to prevent and/or remove the unnecessary stationary barriers in the parking depot area of defendant's premises, a dangerous condition derived, originated or had its source on the aforesaid premises; and,

  i. Failure to provide adequate lighting for the premises, floors, hallways, pathways, aisles and/or walkways.

12. As a direct result of the negligent and/or careless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: right knee fracture, and any other ills, injuries, all to plaintiff's great loss and detriment.

13. As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

14. As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

15. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

16. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

## COUNT II
### Rita Jackson v. Roderick Gibson
### Personal Injury

17. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

18. The negligence and/or carelessness of defendant consisted of the following:

   a. Failure to design, construct, maintain, and/or repair the premises, floors, hallways, pathways, aisles and/or walkways over which invitees, licensees and/or others are likely to travel rendering the premises unsafe by failing to utilize a system which

   b. Failure to properly monitor, test, or inspect the premises, floors, hallways,

- 7 -

pathways, aisles and/or walkways to see if there were dangerous or defective conditions to those legally on the premises when there is luggage and/or people surrounding the barriers used to station the buses;

c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, floors, hallways, pathways, aisles and/or walkways to such invitees, licensees and/or others legally on the premises when luggage and people are blocking the barriers which are used to station the buses.

d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises floors, hallways, pathways, aisles and/or walkways where the buses are stationed when luggage and/or people are surrounding the barriers used to station the buses;

e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances when people and/or luggage is surrounding the stationary barrier in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the stationary barrier being used by defendants;

f. Failing to exercise the proper care, custody and control over the aforesaid premises when customers, including plaintiff, are walking in the area and have to negotiate around other people and/or luggage;

g. Failure to inspect, maintain and/or repair known and/or unknown defects including the stationary barriers used to stop buses;

h Failing to prevent and/or remove the unnecessary stationary barriers in the

Case ID: 140900579

parking depot area of defendant's premises, a dangerous condition derived, originated or had its source on the aforesaid premises; and,

i. Failure to provide adequate lighting for the premises, floors, hallways, pathways, aisles and/or walkways.

19. As a direct result of the negligent and/or careless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: right knee fracture, and any other ills, injuries, all to plaintiff's great loss and detriment.

20. As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

21. As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

22. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

23. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE,** plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

## COUNT III
## Rita Jackson v.1001-1025 West Filbert Street, LLC
### Personal Injury

24. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

25. The negligence and/or carelessness of defendant consisted of the following:

   a. Failure to design, construct, maintain, and/or repair the premises, floors, hallways, pathways, aisles and/or walkways over which invitees, licensees and/or others are likely to travel rendering the premises unsafe by failing to utilize a system which

   b. Failure to properly monitor, test, or inspect the premises, floors, hallways, pathways, aisles and/or walkways to see if there were dangerous or defective conditions to those legally on the premises when there is luggage and/or people surrounding the barriers used to station the buses;

   c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, floors, hallways, pathways, aisles and/or walkways to such invitees, licensees and/or others legally on the premises when luggage and people are blocking the barriers which are used to station the buses.

   d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises floors, hallways, pathways, aisles and/or walkways where the buses are stationed when luggage and/or people are surrounding the barriers used to station the buses;

   e. Failure to reasonably inspect, maintain and/or otherwise exercise due and

        reasonable care under the circumstances when people and/or luggage is surrounding the stationary barrier in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the stationary barrier being used by defendants;

    f.    Failing to exercise the proper care, custody and control over the aforesaid premises when customers, including plaintiff, are walking in the area and have to negotiate around other people and/or luggage;

    g.    Failure to inspect, maintain and/or repair known and/or unknown defects including the stationary barriers used to stop buses;

    h    Failing to prevent and/or remove the unnecessary stationary barriers in the parking depot area of defendant's premises, a dangerous condition derived, originated or had its source on the aforesaid premises; and,

    i.    Failure to provide adequate lighting for the premises, floors, hallways, pathways, aisles and/or walkways.

26.    As a direct result of the negligent and/or careless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: right knee fracture, and any other ills, injuries, all to plaintiff's great loss and detriment.

27.    As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

28.    As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

Case ID: 140900579

29. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

30. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

## COUNT IV
### Rita Jackson v. Greyhound Lines, Inc. & Roderick Gibson & 1001-1025 West Filbert Street, LLC
#### Jointly and/or Severally

31. Plaintiff incorporates all the allegations set forth in the previous paragraphs, inclusive, as if set forth at length.

32. The facts set forth herein establish that defendants are individually, jointly and/or severally liable to plaintiff for plaintiff's injuries and damages. Accordingly, the Comparative Negligence Act, 42 Pa.C.S.A. §7102 applies to the nature and effect of plaintiff's action upon said defendants.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendants

individually, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00), exclusive of interest and costs of suit.

                                    **SPEAR, GREENFIELD & RICHMAN, P.C.**

                                    <u>Marc F. Greenfield</u>
                                    **MARC F. GREENFIELD, ESQUIRE**

**INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, SUPPLEMENTAL REQUESTS AND REQUEST FOR ADMISSIONS WERE SERVED WITH AND ATTACHED TO PLAINTIFF'S ORIGINAL COMPLAINT AT THE TIME SERVICE OF ORIGINAL PROCESS WAS EFFECTUATED.**
**SAR/aas**

## VERIFICATION

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

_/s/ Rita C. Jackson_