**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RITA JACKSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GREYHOUND LINES, INC. and | : | NO. 15-4461 |
| RODERICK GIBSON | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                                             **June 28, 2016**

The defendants, who had made an offer of judgment prior to trial which was more favorable than the judgment the plaintiff ultimately obtained, have filed a motion seeking costs under Federal Rule of Civil Procedure 68. We shall grant the motion, but reduce the amount requested because the defendants seek expenses that are not allowable costs.

### Factual and Procedural Background

Plaintiff Rita Jackson sued Greyhound Lines, Inc. and Roderick Gibson, a Greyhound employee, for injuries sustained as a result of a slip and fall at Greyhound's Philadelphia terminal. Greyhound[1] made an offer of judgment in the amount of $20,000.00. Jackson never responded to the offer.

Jackson was awarded $15,000.00 after an arbitration hearing. She subsequently demanded a trial *de novo*. After a trial, a jury found in favor of Jackson and against Greyhound Lines, Inc., and against Jackson and in favor of Gibson. We entered judgment on the verdict, awarding Jackson $15,146.64 against Greyhound Lines, Inc. only.

---

[1] Greyhound and Gibson are referred to collectively as Greyhound.

Greyhound seeks $15,745.41 from Jackson for costs incurred after making the offer of judgment under Rule 68. Jackson counters that awarding costs would be inequitable in this case because the amount sought is greater than the amount of the judgment she obtained. She also contends, without specificity, some of the costs are not justified.

**Analysis**

Rule 68 provides that a defending party may make an offer allowing judgment on specified terms. If the opposing party accepts the offer, judgment is entered accordingly. Fed. R. Civ. P. 68(a). If the offer is not accepted within fourteen days, it is deemed withdrawn. R. 68(b). In that event, if the judgment ultimately obtained is less favorable than the offer, the plaintiff must pay the costs incurred after the offer was made. R. 68(d).

The imposition of costs under Rule 68(d) is mandatory. *See, e.g.*, *Hescott v. City of Saginaw*, 757 F.3d 518, 527 (6th Cir. 2014) (citation omitted); *King v. Rivas*, 555 F.3d 14, 20 (1st Cir. 2009); *Berkla v. Corel Corp.*, 302 F.3d 909, 925 (9th Cir. 2002); *Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1076 (7th Cir. 1999). The district court has no discretion to reduce costs on equitable grounds. *See Pouillon v. Little*, 326 F.3d 713, 718 (6th Cir. 2003) (citation omitted); *Jordan ex rel. Arenas-Jordan v. Russo*, No. 09-88, 2014 WL 869482, at *14 (W.D. Pa. Mar. 5, 2014) (quoting *Gavoni*, 164 F.3d at 1076). Thus, Jackson is liable for Greyhound's costs.

There is a distinction between "costs" and "expenses." *See, e.g.*, *Assocs. Against Outlier Fraud v. Huron Consulting Grp., Inc.*, 817 F.3d 433, 436 (2d Cir. 2016). Rule 68 allows only costs, not expenses. Costs recoverable under Rule 68(d) are

limited to those enumerated in 28 U.S.C. § 1920, unless otherwise provided by the substantive law that governs the case. *See Scottsdale Ins. Co. v. Tolliver*, 636 F.3d 1273, 1278 n.7 (10th Cir. 2011) (quoting *Knight v. Snap-On Tools Corp.*, 3 F.3d 1398, 1404 (10th Cir. 1993)); *Gil de Rebollo v. Miami Heat Ass'ns, Inc.*, 137 F.3d 56, 66 (1st Cir. 1998); *Parkes v. Hall*, 906 F.2d 658, 660 (11th Cir. 1990). Costs under § 1920 are "limited to relatively minor, incidental expenses" and "modest in scope." *See Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012). They include: (1) fees for the clerk and the marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and the costs for copying; (5) docket fees; and (6) compensation of court-appointed experts, interpreters, and special interpretation services. 28 U.S.C. § 1920.

The costs Greyhound seeks fall generally into four categories: transcripts;[2] fees for printing and witnesses;[3] fees for exemplification and the cost of making copies;[4] and travel and parking expenses of its attorneys for depositions and court appearances.[5] The attorneys' expenses totaling $174.20 are not allowable costs. *See Sixth Angel Shepherd Rescue, Inc. v. Bengal*, No. 10-1733, 2013 WL 5309269, at *10 (E.D. Pa. Sept. 23, 2013) (citing *Nugget Distribs. Coop. of Am., Inc. v. Mr. Nugget, Inc.*, 145 F.R.D. 54, 58 (E.D. Pa. 1992)) (attorney's travel expenses not allowable under § 1920).

---

[2] 28 U.S.C. § 1920(2).

[3] § 1920(3).

[4] § 1920(4).

[5] *See* Doc. No. 36-2 at 3; Doc. No. 36-9 at 8, 10, 17, 19.

Greyhound seeks $1,010.55 for a transcript of the arbitration hearing;[6] $410.00 for the video of the deposition of its expert witness, Dr. Laurence Wolf;[7] $555.25 for the transcript of Dr. Wolf's deposition;[8] and $115.50 for a copy of the transcript of Dr. Maxwell Stepanuk, Jackson's expert witness.[9] It has not demonstrated why the costs for transcripts of the arbitration hearing and depositions were necessary. *See* 28 U.S.C. 1920(2) (transcripts must be "necessarily obtained for use in the case"); *In re Aspartame Antitrust Litig.*, 817 F. Supp. 2d 608, 619 (E.D. Pa. 2011) (party seeking costs must demonstrate why they were necessarily incurred).

Transcribing the arbitration hearing was not necessary. Greyhound elected to transcribe the hearing. At the time it made the election, there was no further proceeding contemplated or scheduled.

Witness fees under § 1920 are limited by 28 U.S.C. § 1821. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Section 1821 provides that a witness may be compensated only for attendance at trial or a deposition. § 1821(a)(1). The daily attendance fee is $40 per day. § 1821(b). The allowable attendance fee is the same for an expert witness as it is for a lay witness. *Kansas v. Colorado*, 556 U.S. 98, 103 (2009); *Crawford Fitting*, 482 U.S. at 443-45. A witness may also be compensated for reasonable travel expenses in connection with trial or deposition attendance. § 1821(c). If the witness is required to stay overnight at the place of attendance, he may be entitled to costs for subsistence. § 1821(d). When a witness travels by common

---

[6] *See* Doc. No. 36-2 at 3; Doc. No. 36-9 at 9.

[7] *See* Doc. No. 36-2 at 3; Doc. No. 36-9 at 14.

[8] *See* Doc. No. 36-2 at 3; Doc. No. 36-9 at 18.

[9] *See* Doc. No. 36-2 at 3; Doc. No. 36-9 at 20.

carrier, the allowable travel expenses are the actual expenses "on the basis of the means of transportation reasonably utilized and the distance necessarily traveled." § 1821(c)(1). When the witness travels by private vehicle, the allowance is based on mileage at a rate set by the Administrator of General Services. § 1821(c)(2). In addition, toll charges, taxi fares and parking fees are allowed. § 1821(c)(3).

Here, Greyhound seeks $11,294.37 in witness fees for Matthew Daecher and Dr. Laurence Wolf, its expert witnesses. These costs included time for file review, trial preparation and preparation of expert reports. Specifically, Greyhound submitted the following invoices for preparatory work performed by Daecher: "11/9/15 Invoice from expert witness, Matthew Daecher: $3,190.68" and "2/15/16 Invoice from expert witness, Matthew Daecher: $1,026.35."[10] These costs do not relate to Daecher's attendance at trial. Nor does a $106.60 charge for a car rental by Daecher to attend an unidentified "meeting."[11]

The cost for Wolf to attend a video deposition on January 14, 2016[12] must be reduced to the statutory amount of $40.00. Likewise, the cost for Daecher to attend trial, including $2,475.00 for eleven hours of attendance and $495.74 for travel expenses which included a hotel stay and $9.16 for meals,[13] is limited to $40.00. The travel expenses include an unexplained "Airfare Change Fee" of $200.00.[14] This expense is not allowed. According to Daecher's invoice, he is located in Camp Hill,

---

[10] See Doc. No. 36-2 at 3; Doc. No. 36-9 at 6, 22.

[11] See Doc. No. 36-2 at 3; Doc. No. 36-9 at 15.

[12] See Doc. No. 36-2 at 3; Doc. No. 36-9 at 13.

[13] See Doc. No. 36-2 at 4; Doc. No. 36-9 at 23.

[14] See Doc. No. 36-9 at 23.

Pennsylvania, which is approximately two hours by car from Philadelphia. Because the entire trial lasted only one day and there is no information suggesting that an overnight stay was necessary, the hotel expense of $217.10 and meal expenses of $9.16 are not allowed.

The $96.58 for shipping unidentified documents to Daecher on October 22, 2015,[15] the $1,378.20 for trial exhibits and binders,[16] the $280.80 for "Purchase of expert/research materials,"[17] and the $66.00 in courier expenses for delivering a letter requesting a trial continuance[18] are not allowed under § 1920.

## Conclusion

Because the offer of judgment was more favorable than the judgment obtained, we shall grant Greyhound's motion, but reduce the allowable costs to $513.44.

---

[15] *See* Doc. No. 36-2 at 3; Doc. No. 36-9 at 5.

[16] *See* Doc. No. 36-2 at 3.

[17] *See id.*

[18] *See id.*; Doc. No. 36-9 at 11-12.